UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20732-CIV-LENARD/GARBER

FLUSHING GROUP, LLC,

    Plaintiff,

vs.

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A., CHAVA
EVE GENET and DAVID ARIE MESSINGER,

    Defendants.
_____/

## NOTICE OF PLAINTIFF'S VIOLATION OF COURT'S ORDER AND LOCAL RULES

    Defendants, the law firm Stearns Weaver Miller and two of its shareholders, Chava Genet and David Messinger (collectively, "Stearns Weaver"), file this Notice of Plaintiff's Violation of Court's Order and Local Rules. Plaintiff has violated this Court's Orders and the Local Rules in the following respects:

    On December 1, 2008, this Court ordered Plaintiff to "file a Memorandum in Opposition [to Stearns Weaver's Motion to Dismiss] that complies with the page limits set forth in the Local Rules [o]n or before December 5, 2008." DE 46. In the Order, the Court noted that "Plaintiff had previously received three extensions of time to file its Memorandum in Opposition" to Stearns Weaver's Motion to Dismiss and that Plaintiff had filed its 37-page Memorandum four days after the expiration of its latest deadline. To date, Plaintiff has not filed its Memorandum as ordered by the Court.

–1–

On August 18, 2008, Plaintiff filed a Second Amended Complaint.[1] On October 20, 2008, Stearns Weaver filed a nineteen page motion to dismiss.

Pursuant to S.D. Fla. L.R. 7.1.C.1, Plaintiff's response to the motion to dismiss was due November 6, 2008.  Plaintiff filed three motions for extension of time within which to respond to the motion to dismiss, to none of which Stearns Weaver objected, and all of which were granted. *See* DE 31, 32, 37, 38, 41 and 42.  The Court's last Order (prior to the December 1, 2008 Order, DE 46) directed Plaintiff to file a response to the motion to dismiss on or before November 26, 2008.  *See* DE 42.

Plaintiff did not timely file its response on November 26.  Instead, four days later, on December 1, 2008, Plaintiff filed its Memorandum in Opposition to Defendants' Motion to Dismiss Second Amended Complaint (*see* DE 43), along with a combined Motion for Extension of Time and Motion to Exceed Page Limitation (*see* DE 44).  Those filings were procedurally deficient in several respects.

The Memorandum in Opposition, on its face, violated this Court's Rules with respect to legal memoranda, which provide that "[a]bsent prior permission of the Court, no party shall file any legal memorandum exceeding twenty pages in length." S.D. Fla. L.R. 7.1.C.2.  Plaintiff filed a thirty-six page legal memorandum[2] with over 100 pages of attachments without prior permission of the Court.  Plaintiff's combined motion for extension of time and to exceed page limitation also violated this Court's Rules, as Plaintiff made no attempt to meet and confer with Stearns Weaver regarding the relief sought in the motion as is required by Local Rule 7.1.A.3.

---

[1]) The Second Amended Complaint is fifty-six pages long, contains 102 paragraphs, and asserts six separate claims for relief.

[2]) In fact, Plaintiff's brief was even longer than thirty six pages, as Exhibit L is a three-page, single-spaced string cite for Plaintiff's economic loss rule arguments.

After concluding that Plaintiff had not demonstrated good cause for exceeding the twenty page limit, the Court ordered Plaintiff to file an Opposition Memorandum in accordance with the Local Rules by December 5, 2008.

Having failed to do so, Plaintiff has violated both the Local Rules and the express Order of this Court. Local Rule 7.1.C provides that failure to file an opposing memorandum of law "may be deemed sufficient cause for granting [a] motion by default." S.D. Fla. L.R. 7.1.C. Here, Plaintiff has had more than ample time to file its response to the motion to dismiss. Moreover, Defendants' Motion to Dismiss is now ripe for adjudication. Accordingly, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss for the reasons set forth in Defendants' memorandum of law, and dismiss the Second Amended Complaint with prejudice.

      Respectfully submitted,

      COLSON HICKS EIDSON
      255 Aragon Avenue, 2nd Floor
      Coral Gables, Florida 33134-5008
      Tel: (305) 476-7400 Fax: (305) 476-7444

      By:    /s/ Susan Tarbe
           Susan Tarbe
           Florida Bar No. 443255
           susan@colson.com
           Roberto Martinez
           Florida Bar No. 305596
           bob@colson.com
           Dean C. Colson
           Florida Bar No. 228702
           dean@colson.com
           Karen O. Stewart
           Florida Bar No. 069101
           karen@colson.com

>STEARNS WEAVER MILLER WEISSLER
>ALHADEFF & SITTERSON, P.A.
>David C. Pollack
>Florida Bar No. 362972
>dpollack@swmwas.com
>Adam M. Schachter
>Florida Bar No. 647101
>aschachter@swmwas.com
>150 West Flagler Street
>Miami, Florida 33130
>Tel: (305) 789-3200 Fax: (305) 789-3395
>*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **December 8, 2008**, I filed the foregoing document electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service list, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, and by e-mail for those counsel or parties who are authorized to receive electronically Notice of Filing.

>    /s/ Susan Tarbe    
>         Susan Tarbe