UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-20732-CIV-JAL

FLUSHING GROUP, LLC,

    Plaintiff,

v.

STEARNS WEAVER MILLER, et al.,

    Defendants.

_____/

### DECLARATION OF SHMIEL PFEIFFER
### OPPOSING DEFENDANTS' MOTION FOR SANCTIONS

1.    My name is Shmiel Pfeiffer and I am an agent/contact person for the Plaintiff, Flushing Group, LLC ("Flushing") in the above referenced action.

2.    I have personal knowledge of all the matters contained in this Declaration.

3.    Flushing should not be sanctioned by the Court because it never willfully or deliberately violated any court orders or other requirements in this action, as explained herein.

4.    Flushing only found out from its prior attorneys for the first time on November 14, 2008, that the Defendants had served discovery requests on or about October 1, 2008. That was only after Defendants had already served a "Motion to Compel and for Sanctions.

5.    Even after November 14, 2008, Flushing's prior attorneys advised that it was premature to respond to Defendants' discovery requests.

6. Even after the Honorable Magistrate's Order of December 5, 2008, compelling discovery, Flushing's prior attorney told Flushing that responding to Defendants' discovery requests was still premature because he will get extensions from the Defendant until about January 12, 2009.

7. Flushing's prior lawyer told me to buy tickets on December 11, 2008, to fly to Florida and be in Florida from December 11 through December 19, and that he will obtain an enlargement of time for Flushing to provide documents to the Defendants.

8. I then bought airline tickets based on Flushing's prior counsel's advice and was in Florida on December 14, 2008, and met with Flushing's prior counsel. During that meeting he again told me that Flushing will have time to produce documents and respond to Defendants' discovery requests because he will either get extension from the Defendants or he will file Motion for Extension with the Magistrate (and that there was no reason that he will not get the enlargement from the Magistrate). He further advised that if he would not get the enlargement of time from the Magistrate then he would file a Motion with the Judge.

9. Flushing's prior counsel's father died and he advised that he would not be back to work until December 20, 2008. (See DE 54-55).

10. On December 15, 2008, Flushing retained Wolfe & Goldstein, P.A., to serve as primary counsel in this action and on the same date Flushing discharged one of its prior lawyers Mr. Blutstein.

11. Mr. Goldstein recommended that we accept a stay in this action and promptly filed a notice of Flushing's consent to a stay. Flushing then expected this action

to be stayed based on Defendants' prior motion seeking that relief. Thus, Flushing did not believe that any further discovery would occur on the case as the case would be stayed.

12. When Defendants abruptly changed their position on the stay by filing a notice withdrawing the motion for stay, Flushing immediately filed a motion to stay of its own and in that motion requested sixty days to comply with initial disclosures and to provide any outstanding discovery requests/orders. (See DE66; DE71). This was needed because the documents were in the hands of Flushing's prior counsel as Flushing had produced thousands of pages of documents to him prior to September of 2008.

13. These documents could have been produced by prior counsel, but were not, and by the time Wolfe & Goldstein, P.A., was hired, it needed time to review the extensive file plus the documents to determine what should be produced (and how to respond to Defendants' Interrogatories).

14. On December 31, 2008, Flushing decided not to await the outcome of its motion to stay, but instead to simply dismiss this action, without prejudice, to enable it to focus all of its efforts of pursuing a companion state court case referenced in Defendants' motion to stay.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 19, 2009.

_____
Shmiel Pfeiffer

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.

By: Mark Goldstein
Fla. Bar No: 882186
Counsel for Plaintiff
Email: mgoldstein@wolfelawmiami.com
Wolfe & Goldstein, P.A.
100 S.E. Second Street, Suite 3300
Miami, Florida 33131
Tel: 305-381-7115 / Fax: 305-381-7116