UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-20732-CIV-JAL

FLUSHING GROUP, LLC,

    Plaintiff,

v.

STEARNS WEAVER MILLER, et al.,

    Defendants.
_____/

PLAINTIFF'S MOTION TO RECONSIDER THE ORDER IMPOSING
SANCTIONS (DE 74) AND IN THE ALTERNATIVE, PLAINTIFF'S
RESPONSE OPPOSING DEFENDANTS' FEE REQUEST (DE 75)

Plaintiff, Flushing Group, LLC, requests that the Court Reconsider its Order of January 27, 2009 (DE 74) and in the Alternative, Plaintiff Requests that the Court deny or considerably reduce the fees sought by the Defendants.

BASIS FOR REQUEST FOR RECONSIDERATION

A hearing was held on January 16, 2009, on Defendants' Motion for Sanctions, eleven days after the Court acknowledged Plaintiff's Notice of Voluntary Dismissal and denied all pending motions (including Defendants' Motion for Sanctions) as moot (DE 70). Defendant never moved to set aside or vacate that order. On January 19, 2009, Plaintiff filed the Declaration of Shmiel Pfeiffer (DE 73) which sets forth in detail why sanctions should not have been imposed against the Plaintiff. It is not readily apparent from the Order (DE 74) whether the Magistrate reviewed and considered the Declaration in making his

ruling imposing sanctions on the Plaintiff eight days later. Plaintiff believes that the Declaration shows that it was not culpable of any wrongdoing and that no sanctions should have been imposed.[1]

## FEE REQUEST SHOULD BE DENIED IN ITS ENTIRETY

Should the Court deny reconsideration of the subject Order, Defendants' demand for fees should be denied outright based on procedural and substantive grounds/deficiencies. Procedurally, S.D.Fla.L.R. 7.3B requires that the motion for fees be verified, that it be supported by an affidavit of an expert witness and that it be accompanied by a certification that counsel has reviewed the time records and supporting data and that motion is well grounded in fact and justified. None of those requirements were met.

Substantively, Defendant requests $23,574.62 in legal fees from the Plaintiff for legal work regarding a motion for sanctions and attending one hearing on the motion. The request is so excessive and shocking that Defendants' fee request should be denied in its entirety. Normally, even if sanctions are appropriate, a sanction in the range of $1,750 would be awarded for similar discovery issues. See Overton v. Ameriquest Mortgage Co., 2006 U.S. Dist. LEXIS 60988 (E.D. NY 2006). A district court may, in its discretion, deny a request for attorney's fees in its entirety when the request is outrageously unreasonable. See, e.g., Fair Hous. Council of Greater Washington v. Landow, 999 F.2d 92 (4th Cir.1993);

---

[1] Flushing filed a motion for enlargement of time because it hired new counsel to take over the case. The motion was filed on 12-22-08, before the expiration of the time period to respond to Defendant's discovery and to provide initial disclosures. The Court never ruled on that motion. Flushing was always ready, willing and able to provide the discovery responses and initial disclosures at the time its attorneys were in proper position to do so.

2

Lewis v. Kendrick, 944 F.2d 949 (1st Cir.1991); Brown v. Stackler, 612 F.2d 1057 (7th Cir.1980). Under the circumstances, Defendants' fee request is so excessive and overreaching that it should be outright denied.

## HOURLY RATES ARE GROSSLY EXCESSIVE

Even if the Court finds that an award of fees is warranted, the amount sought should be greatly reduced. To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). In determining the prevailing market rates the Court should consider several factors including "the attorneys' customary fee, the skill required to perform the legal services, the attorneys' experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorneys' relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Defendants have failed to support their fee application with anything other than self-serving affidavits filed by their own counsel which seek the fees.

Additionally, there is simply nothing in Defendants' fee application showing the prevailing market rate in the community. In that regard, Defendant's lawyer Roberto Martinez, Esq., seeks fees at a rate of $675 per hour, Susan Tarbe, Esq., seeks fees at a rate of $550 per hour and Defendants' in-house lawyer David Pollack, Esq., seeks fees at $575 per hour. These hourly rates are way out of line with the prevailing market rates. A fair hourly rate for Martinez, Tarbe and Pollack is anywhere from $285-$365 per hour. See VP Gables, LLC v. Cobalt Group, Inc., 2008 U.S. Dist. LEXIS 102708 (S.D. Fla. 2008)(awarding an experienced partner in Ruden McClosky $365 per hour); Ramirez v. Ban Bin of Miami, Inc., 2008 U.S. Dist. LEXIS 97578 (S.D. Fla. 2008)(awarding lawyer practicing almost 25 years $300 per hour); Scott v. Publix Supermarkets, 2008 U.S. Dist. LEXIS 36104 (S.D. Fla. 2008)(awarding board certified labor and employment lawyer practicing for 18 years a fee of $285 per hour); American Atheist, Inc. v. City of Starke, 509 F. Supp. 2d 1221 (M.D. Fla. 2007)(awarding board certified civil trial lawyer of 15 years in a complex and undesirable civil rights contingency fee case Southern District of Florida rates of $350 per hour).

## HOURS ARE EXCESSIVE AND WORK REDUNDANT

Once the lodestar is set, the Court must determine the reasonable number of hours incurred. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). The district court should review the time charged, decide whether the hours set out were reasonably expended for each of the

particular purposes described and then exclude those that are "excessive, redundant, or otherwise unnecessary. Hours that would not generally be billed to one's own client are not properly billed to an adversary. <u>Public Interest Research Group v. Windall</u>, 51 F.3d 1179, 1188 (3rd Cir. 1995).The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent. <u>New York State Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136 (2d Cir. 1983). As with the hourly rates sought by the Defendant's counsel, there is no evidence other than self-serving affidavits, that the work performed and hours expended are reasonable. Moreover a review of the specific time entries shows gross overbilling.

COLSON HICKS EIDSON'S FEES

Firstly, the Court's Order (DE 74) only awards "reasonable and proper legal fees …regarding discovery requests and motions for same." Thus, the motion for sanctions and all other activities occurring after the lawsuit was dismissed are not compensable under the plain language of the Order. Moreover, assuming arguendo that the sanctions motion of 12-31-08 is compensable; it is only a couple of paragraphs and cites no cases or even Rule 37. Thus, the motion itself should not have taken anyone more than five or ten minutes to draft. Remarkably, on 12-29-08 and on 12-30-08, Martinez billed two hours for drafting this motion. On 12-31-08 Martinez billed another two hours for advising his client and the undersigned that Defendant would be proceeding with a motion for sanctions. On 12-30-08, Tarbe billed three hours for finalizing and researching that same sanctions motion, and just for good measure, on that

same day an unidentified associate by the initials KS billed 3.5 hours for performing research regarding the two paragraph motion. On 12-31-08, Tarbe billed 2.5 hours for drafting a notice of hearing (which contained the sanctions motion) and for a supposed ex-parte conference with the Magistrate.

On 1-5-09 and on 1-6-09, Martinez billed an hour and a half for a conversation with the undersigned and with his client. On 1-6-09, Tarbe billed an hour for reviewing a sanctions motion in a state court case to which Stearns weaver was not a party. Between 1-08-09 and 1-14-09, Defendant's counsel billed for strategizing for the upcoming sanctions hearing. On 1-15-09, Martinez and Tarbe collectively spent 4.5 hours preparing for the sanctions hearing. On 1-16-09, Tarbe and Martinez both billed five hours for preparing and attending the sanctions hearing.

### STEARNS WEAVER'S IN-HOUSE LAWYERS' FEES

As previously noted, the Court's Order (DE 74) only awards "reasonable and proper legal fees ...regarding discovery requests and motions for same." Thus, all bills for legal work beginning on 12-31-08 should be excluded because the case was dismissed and clearly discovery could not be sought after such dismissal. Additionally, all time expended between 12-5-08 and 12-27-08 should be excluded because Flushing was not in violation of any orders during that time period and any work performed during that time period could not have related to compelling discovery responses.

Even if the motion for sanctions and everything that followed were compensable, the amount of time spent by Adam Schachter, Esq., researching

whether sanctions could be awarded following a voluntary dismissal is outrageous. Specifically, Schachter spent 13.3 hours researching that issue between 1-06-09 and 1-16-09. In contrast, it took the undersigned about 20 minutes to locate <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990).

## CONCLUSION

The Court should reconsider and vacate the Order imposing sanctions. Alternatively, any sanctions imposed should be minimal.

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.

By: Mark Goldstein
Fla. Bar No: 882186
Counsel for Plaintiff
Email: mgoldstein@wolfelawmiami.com
Wolfe & Goldstein, P.A.
100 S.E. Second Street, Suite 3300
Miami, Florida  33131
Tel:  305-381-7115 /   Fax:  305-381-7116