### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20732-CIV-LENARD/GARBER

FLUSHING GROUP, LLC,

      Plaintiff,

vs.

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A., CHAVA
EVE GENET and DAVID ARIE MESSINGER,

      Defendants.

_____/

## DEFENDANTS' RESPONSE TO: PLAINTIFF'S MOTION TO RECONSIDER THE ORDER IMPOSING SANCTIONS (DE 74) AND IN THE ALTERNATIVE, PLAINTIFF'S RESPONSE OPPOSING DEFENDANTS' FEE REQUEST (DE 75)

Defendants, the law firm Stearns Weaver Miller and two of its shareholders, Chava Genet and

David Messinger (collectively, "Stearns Weaver") hereby file their Response to Plaintiff's Motion to

Reconsider the Order Imposing Sanctions (DE 74) and in the Alternative, Plaintiff's Response

Opposing Defendants' Fee Request (DE 75) [D.E. 76] and state as follows:

**I.**    **Plaintiff's Motion for Reconsideration Must be Denied**

    *(a) The Motion for Reconsideration Provides no New Legal or Factual Grounds*

Plaintiff's Motion for Reconsideration merely restates old arguments and should be summarily

denied. *See, e.g., Compagnoni v. U.S.*, 1997 WL 416482, at*1 (S.D. Fla. May 13, 1997) ("motions for

reconsideration are disfavored, and should only be granted where the movant shows newly discovered

evidence, clear error, manifest injustice or an intervening change in controlling law . . . a motion for

reconsideration should not be used as a 'vehicle to . . . reiterate arguments previously made.'")

(citation omitted). The Declaration of Shmiel Pfeiffer Opposing Defendants' Motion for Sanctions [D.E. 73] filed on January 19, 2009, much like Plaintiff's Motion for Reconsideration, simply rehashes the same arguments Plaintiff made: (1) in its Response to Defendants' Motion for Sanctions [D.E. 71]; and (2) at the hearing held on January 16, 2009. The Court has already read, heard and rejected those arguments and should reject them again.

### (b)     *Plaintiff's Arguments for Reconsideration are Without Legal Merit*

Defendants were not required to move to set aside or vacate the Court's Order closing the case prior to noticing a hearing on their motion for sanctions. A motion seeking attorneys' fees as sanctions is collateral to the main action and is properly heard even after the main action has ended. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990) (an award of attorneys' fees is a collateral matter over which the court retains jurisdiction even after being divested of jurisdiction on the merits); *see also* the Court's January 27, 2009 Order [D.E. 74] ("Although this cause has been closed, it is appropriate for the Court to consider defendants' request for sanctions which was filed prior to the dismissal of this cause.").

Plaintiff's last minute Motion for Enlargement of Time did not toll the time for complying with this Court's Order. As a matter of law, motions for enlargement of time do not toll discovery and/or court ordered deadlines. *See, e.g., Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (entering dismissal as a sanction for plaintiff's failure to submit to a deposition after an order compelling plaintiff to appear explaining, "[t]he court's inaction on [plaintiff's] motion did not relieve him of the duty to appear for his deposition . . . 'unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains.'") (citations omitted). In this case, any reliance on its Motion for Enlargement of Time to toll discovery deadlines was particularly improper. The December

2

25, 2008 deadline for Plaintiff to comply with its discovery obligations was set by the Court in its December 5, 2008 Order [D.E. 51] on Defendants' Motions to Compel and for Sanctions. In that Order, the Court directed Plaintiff to "fully respond" to Defendants' Interrogatories and Requests for Production within twenty (20) days, deemed any possible objections by Plaintiff as waived and noted that the denial of sanctions was "without prejudice." That Order put Plaintiff on notice of the potential for sanctions and of the seriousness of the need to timely respond as ordered by the Court. Accordingly, it was at Plaintiff's peril that it chose not to comply but instead to file its Motion for Enlargement of Time on December 22, 2008 thereby giving the Court just one (1) day to rule prior to the Christmas Eve holiday and the deadline the following day.

## II.  Plaintiff Should be Sanctioned in the Entire Amount Caused by its Failure to Comply with this Court's Orders

### (a)  Defendants' Statement of Fees Complied with this Court's Order

In this case, the Court's Order imposing sanctions specified what Defendants were to file as evidence of the attorneys' fees incurred. Specifically, the Court ordered as follows:

> it is hereby ORDERED that defendants' Motion for Sanctions is GRANTED, and defendants are awarded all reasonable and proper legal fees and costs incurred since December 5, 2008, regarding discovery requests and motions for same, said sanction specifically imposed against the plaintiff Flushing Group LLC, and not against its attorneys. It is further

> ORDERED that defendants' attorneys shall submit a statement reflecting time expended on specified legal work and its hourly rate for such legal services.

See Order [D.E. 74]. (emphasis added). That Order simply required Defendants to submit a "statement reflecting time expended" and "its hourly rate." Defendants' submission tracked the requirements of the Court's Order explaining that Defendants were submitting "a statement of legal services, description of work performed and hourly rates for the attorneys from Stearns Weaver and Colson

3

Hicks Eidson, respectively, who performed legal work on the discovery requests and motion for sanctions since December 5, 2008." *See* Defendants' Notice of Filing Affidavits for Legal Fees, p. 2 [D.E. 75]. Defendants' submission fully complied with this Court's Order.

Moreover, an application for attorneys' fees as a sanction is not required to strictly conform to the typical fee application. *See, e.g., In re Atlantic Int'l Mortgage Co.*, 373 B.R. 159, 161 (M.D. Fla. 2007) ("However, it is important to note that this is not a typical application for compensation, but an award of sanctions against a recalcitrant party in order to deter such conduct in the future. As such, strict conformance with the standards germane to a typical fee application is not required."). Therefore, even if, as argued by Plaintiff, Defendants were required to comply with S.D. Fla. L.R. 7.3B, their filing which substantially complied with the Rule, is sufficient. *Id.* Specifically, Defendants' Notice of Filing Affidavits for Legal Services: (1) specified that it was filed pursuant to the Court's sanctions order; (2) stated the exact amount of fees billed to the clients; (3) was based on the attorneys' billing records of fees actually billed to the clients, including a 25% "Professional Courtesy Discount;" (4) detailed the amount of hours as well as identified the timekeepers; and (5) was verified.

Finally, even if strict compliance with S.D. Fla. L.R. 7.3B was required, the Court could order compliance simply be requiring Defendants to amend their submission to include the single additional component of the Rule, i.e., an affidavit of an expert. And, as discussed below, the Court does not need an affidavit of an expert to make its own determination on the reasonableness of Defendants' attorneys' fees.

    (b)    *Defendants' Attorneys' Rates and Total Fees are Reasonable*

4

Defendants' counsels' rates are in line with prevailing market rates. Plaintiff's motion takes issue with the rates charged by Attorneys Tarbe, Martinez and Pollack arguing that they are all excessive. Interestingly, Attorneys Tarbe and Martinez who are at a different firm from Attorney Pollack, but with comparable years of experience, all have a rate within close range of one another. The similarity of the rates of these attorneys is itself evidence of the reasonableness of their individual rates. *See, e.g., James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007) ("'Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances . . .'").

Plaintiff's selection of a few cherry-picked cases with different facts and therefore different rates notwithstanding, this Court, which frequently handles fees requests, is able to make its own finding regarding what is a reasonable rate in this case. *See James*, 489 F.Supp.2d at 1347 ("the Court is itself considered an expert and can make an informed judgment as to a proper award of fees even without the benefit of outside testimony."); *see also In re Atlantic Int'l Mortgage. Co.*, 373 B.R. at 162 ("The Trustee's second expert . . . gave credible testimony on . . . the reasonableness of their hourly rates given their respective levels of experience and ability. However, this Court has made determinations on thousands of fee applications and is well informed about the prevailing market rates in this community for similar work. This Court is satisfied that the attorneys for the Trustee charged a reasonable hourly rate for the work that was performed.").

Plaintiff's reading of the Court's Order awarding sanctions is self-servingly narrow. The Court's Order awards Defendants fees "since December 5, 2008, regarding discovery requests and motions for same." It was Plaintiff's failure to comply with the discovery schedule that caused Defendants to have to file their initial Motion for Sanctions and to Compel, which the Court denied

5

"without prejudice," and then Plaintiff's continued failure to comply with the Court's Order which caused Defendants to renew their motion for sanctions. In short, Defendants' motions for sanctions were caused by Plaintiff's discovery violations. It is not credible for Plaintiff to argue that Defendants' motions for sanctions were not related to its continued discovery violations or that legal research or attorney/client consultations or strategy meetings would not occur as a result of Plaintiff's violations. Such research and consultations were necessary in deciding whether to seek sanctions and then in preparation for the hearings on those motions. This is especially so in this case in which the clients are attorneys who could be consulted in their own defense. The post-December 5, 2008 attorneys' fees incurred by Defendants were all caused by Plaintiff's misfeasance and Plaintiff should be required to pay them in their entirety. *See, e.g., In re Atlantic Int'l Mortgage. Co.*, 373 B.R. at 162 (awarding $341,028.90 in attorneys fees as sanctions and explaining, "[m]ulti-attorney conferences for purposes of strategizing and staying informed . . . are a necessary part of litigation and will not be stricken from the award merely because such meetings occurred . . . the magnitude of sanctions is bounded only by what is reasonable in light of the circumstances.").

### III.   Defendants Should be Awarded the Fees Incurred for Preparing a Response to Plaintiff's Motion for Reconsideration [D.E. 76]

Defendants should be awarded additional fees incurred for having to respond to Plaintiff's frivolous Motion for Reconsideration. Plaintiff's Motion for Reconsideration cites no new law or facts, but instead simply rehashes old arguments. Defendants nonetheless were required to respond with this opposition memorandum, thereby incurring additional fees related to Plaintiff's misconduct. Defendants respectfully request that the Court take into consideration the reasonable amount of time expended in preparing this response.

**Colson Hicks Eidson**
255 Aragon Avenue, Coral Gables, Florida 33134-5008 Telephone No. (305) 476-7400/ Facsimile (305) 476-7444

Respectfully submitted

**COLSON HICKS EIDSON**
255 Aragon Avenue, 2nd Floor
Coral Gables, FL 33134
Telephone No. (305) 476-7400
Facsimile No. (305) 476-7444

BY: ___/s/ Susan Tarbe_____
    SUSAN TARBE
    Florida Bar No. 443255
    susan@colson.com
    Roberto Martinez
    Florida Bar No. 305596
    bob@colson.com
    Dean Colson
    Florida Bar No. 228702
    dean@colson.com
    Karen Stewart
    Florida Bar No. 069101
    karen@colson.com

STEARNS WEAVER MILLER WIESSLER
ALHADEFF & SITTERSON, P.A.
David C. Pollack
Florida Bar No. 362972
dpollack@swmwas.com
Adam M. Schachter
Florida Bar No. 647101
aschachter@swmwas.com
150 West Flagler Street
Miami, Florida 33130
Tel: 305-789-3200 Fax: 305-789-3395

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2009, I filed the foregoing document electronically with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, and by e-mail for those counsel of parties who are authorized to receive electronically Notice of Filing.

_/s/ Susan Tarbe_____

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2009, I filed the foregoing document electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service list, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, and by email for those counsel or parties who are authorized to receive electronically Notice of Filing.

/s/ Susan Tarbe

9

## SERVICE LIST

**George J. Blutstein**
Emerald Hills Professional Park
4700-B Sheridan Street
Hollywood , FL 33021-3416
954-963-9205  Fax: 985-0941
Email: BIRDMILES1@AOL.COM

**Jeffrey Mark Weissman**
Weissman Dervishi Borgo & Nordlund
Emeral Lake Corporate Park
3109 Stirling Road, Suite 101
Fort Lauderdale , FL 33312-6558
954-981-7400 Fax: 989-8068
Email: jmwmit69@alum.mit.edu

**Mark Goldstein**
Wolfe & Goldstein
100 SE Second Street
 Suite 3300
Miami, Florida 33131
goldsteinmarka@bellsouth.net

**Roberto Martinez**
Colson Hicks Eidson
255 Aragon Avenue, 2nd Floor
Coral Gables, FL 33134-2351
305-476-7400 Fax: 476-7444
Email: bob@colson.com

**Susan J. Tarbe**
Colson Hicks Eidson
255 Aragon Avenue, 2nd Floor
Coral Gables , FL 33134-2351
305-476-7400 Fax: 476-7444
Email: susan@colson.com

**Karen Stewart**
Colson Hicks Eidson
255 Aragon Avenue, 2nd Floor
Coral Gables , FL 33134-2351
305-476-7400 Fax: 476-7444
Email: karen@colson.com

**Adam Michael Schachter**
Stearns Weaver Miller Weissler Alhadeff &
Sitterson
150 W Flagler Street, Suite 2200
Miami , FL 33130
305-789-3200 Fax: 789-3395
Email: aschachter@swmwas.com

**David Charles Pollack**
Stearns Weaver Miller Weissler Alhadeff &
Sitterson
150 W Flagler Street, Suite 2200
Miami , FL 33130
305-789-3200 Fax: 789-3395
Email: dpollack@swmwas.com