UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20732-CIV-Lenard/Garber

FLUSHING GROUP, LLC,

    Plaintiff,

v.

STEARNS WEAVER MILLER,
*et al.*,

    Defendants.
_____/

## **ORDER**

THE COURT has received the plaintiff's Motion to Reconsider the Order Imposing Sanctions [DE 76] and in the Alternative, Plaintiff's Response Opposing Defendants Fee Request [DE 75] (Motion) and defendant's response in opposition.

Plaintiff asks this Court to reconsider its Order dated January 27, 2009 [DE 74] by which the Court granted the defendants' Motion for Sanctions for plaintiff's failure to comply with its discovery obligations as ordered by the Court. By said Order the Court deemed that any objections to such discovery requests were waived since they were not timely filed. As a result of plaintiff's failure, the defendant incurred legal fees and expenses relative to preparation of and consideration of its Motion for Sanctions.

Plaintiff's argument that consideration of the subject motion is improper because the case has been closed is without merit. Said motion for attorneys' fees is collateral to the main action and may be considered after the main cause has ended. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990).

The Court finds that nothing new has been set forth in the subject Motion for Reconsideration, all issues having been previously considered by the Court. Accordingly, and upon a review of the record and being advised in the premises, it is hereby

ORDERED that plaintiff's Motion to Reconsider, etc. is DENIED.

The Court has examined and considered the defendants' submission of its affidavit in support of fees and costs and its records regarding time expended from December 5, 2008, on discovery requests and motions for same. By its submissions, the defendants assert that they have expended, in research and in the preparation of matters related to the Court's order granting sanctions, a total of 31.5 hours and fees in the amount of $16,345.12 for such time based upon hourly rates charged by the defendant's attorneys.

Defendant's time sheets reflect that in many instances several attorneys were involved in the same efforts. For example, attorneys identified as RM, ST, and KS all participated in the preparation of the Motion for Sanctions, expending over 10 hours at a fee expense of $4,225.00 on December 29 and 30, 2008. In addition thereto, the time records reflect that on January 13, 14, 15, 16, 2009, defendants' attorneys apparently duplicated efforts in researching on motion for sanctions, preparation for hearing on sanctions motion (by two attorneys) and attendance at the hearing on said motion.

The Court finds, after reviewing the record and submissions for fees and costs, that the claimed sum of $16,345.12 for work regarding a sanctions motion is excessive. Accordingly, and after a review of such submissions, the Court finds that an overall reduction of 25% is appropriate and would adequately compensate defendants' counsel for their time and services in the matter now before the Court. Accordingly, and upon due consideration, it is hereby

ORDERED that the defendant's counsel is hereby awarded fees in the amount of $12,258.84 pursuant to this Court's Order of January 27, 2009, said sum to be paid by the plaintiff on or before twenty (20) days from the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida this 4th day of January, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE