UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20732-CIV-LENARD/GARBER

**FLUSHING GROUP, LLC,**

    Plaintiff,

v.

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A., CHAVA EVE GENET and DAVID ARIE MESSINGER,**

    Defendants.
_____/

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE ORDER IMPOSING SANCTIONS AND IN THE ALTERNATIVE, PLAINTIFF'S RESPONSE OPPOSING DEFENDANTS' FEE REQUEST (D.E. 82), AND DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER (D.E. 83)**

**THIS CAUSE** is before the Court on Plaintiff Flushing Group, LLC's ("Plaintiff") Objections to Magistrate's Order Imposing Sanctions ("Objections," D.E. 83), filed January 14, 2010. Defendants filed their Response to Plaintiff's Objections (D.E. 85) on February 10, 2010. Despite the parties' styling, the Objections are properly considered an appeal of the Magistrate's Judge's Order Denying Plaintiff's Motion to Reconsider the Order Imposing Sanctions and in the Alternative, Plaintiff's Response Opposing Defendants' Fee Request (D.E. 82), issued by Magistrate Judge Barry L. Garber on January 4, 2010.

This Court dismissed this action without prejudice on January 5, 2009. *See* Order

Dismissing Case, D.E. 70.)  On January 27, 2009, Magistrate Judge Garber issued an Order (D.E. 74) granting Defendants' Motion for Sanctions (D.E. 34) for Plaintiff's failure to comply with discovery obligations.  Defendants' Motion for Sanctions accompanied their Motion to Compel (D.E. 34), filed on November 10, 2008, and granted by the Magistrate Judge on December 1, 2008 (D.E. 45).  Both motions were before the Magistrate Judge pursuant to the Court's Order of Reference (D.E. 33), issued on November 10, 2008.

Plaintiff did not take appeal from the Magistrate Judge's January 27, 2009 Order, instead moving for reconsideration.  (*See* Motion for Reconsideration, D.E. 74, filed on March 4, 2009.)  Magistrate Judge Garber denied Plaintiff's Motion for Reconsideration on January 4, 2010 and this appeal ensued.

Plaintiff's main arguments in support of its appeal are: (1) the Magistrate Judge lacked jurisdiction to hear and decide the Motion for Sanctions; (2) Defendants' attorneys' fee request should have been denied for failure to comply with local rules and because it is excessive; and in the alternative, (3) Defendants' attorneys' fees are grossly excessive and should be reduced.  (*See generally* Objections.)

As a preliminary matter, the Court finds that Magistrate Judge Garber did indeed have jurisdiction to decide Defendants' Motion for Sanctions.  The Motion for Sanctions was before the Magistrate Judge pursuant to an Order of Reference issued by this Court.  The parties' declination of Consent to Magistrate Jurisdiction (D.E. 65), filed on December 22, 2008, did not divest Magistrate Judge Garber of jurisdiction to hear all motions properly before him pursuant to this Court's earlier Order of Reference.

Nor did this Court's Order Dismissing Case moot the pending Motion for Sanctions.[1] Federal Rule of Civil Procedure 11 motions for sanctions are collateral to the original proceeding and therefore may be considered after the action is no longer pending. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *Montgomery & Larmoyeux by Montgomery v. Philip Morris, Inc.*, 19 F. Supp. 2d 1334, 1335 (S.D. Fla. 1998) (Gold, J.) (district court may award attorney's fees following remand in a separate order). The phrase "all pending motions are DENIED as moot," as written in the Court's form Order of Dismissal, is merely a scrivener's error that should not preclude Defendants from continuing to exercise their prerogative to move for sanctions.

Moving next to a review of the Magistrate Judge's January 4, 2010 Order, the Court does not find it to be "clearly erroneous or contrary to law." *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); S.D. FLA. L.R., Local Magistrate Rule 4(a)(1). An order is clearly erroneous if "the reviewing court, after assessing the evidence in the entirety, is left with a *definite and firm conviction that a mistake has been committed*." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997) (emphasis added). Here, reconsideration would only be justified on three major grounds: (1) an intervening change in controlling law;

---

[1] The entire text of the paperless order (D.E. 70) states:

ORDER DISMISSING CASE. THIS CAUSE is before the Court on Plaintiff's Notice of Voluntary Dismissal ("Notice," D.E. 69), filed on December 31, 2008. Having reviewed the Notice and the record, it is hereby ORDERED and ADJUDGED that: (1) this case is DISMISSED without prejudice; (2) this case is CLOSED; and (3) all pending motions are DENIED as moot. This entry constitutes the ENDORSED ORDER in its entirety. Signed by Judge Joan A. Lenard on 1/5/2009. (lc2) (Entered: 01/05/2009)

(2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002) (Gold, J.). The Magistrate Judge found that none of these grounds were present so as to justify the reconsideration of his earlier order. (*See* Order Denying Reconsideration at 2.)

Upon review of this Order, the Objections, the Response and the record, the Court finds that the Magistrate Judge's conclusion is not clearly erroneous or contrary to law. Similarly, the Court finds that the Magistrate Judge's twenty-five percent (25%) reduction of Defendants' attorneys' fees was made upon careful review of the record and consistent with the law of this Circuit. Thus, the Magistrate Judge's January 4, 2010 Order must be affirmed.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff Flushing Group, LLC's Objections to Magistrate's Order Imposing Sanctions (D.E. 83), filed January 14, 2010, are **DENIED**.

2. The Magistrate Judge's Order Denying Plaintiff's Motion to Reconsider the Order Imposing Sanctions and in the Alternative, Plaintiff's Response Opposing Defendants' Fee Request (D.E. 82), issued by Magistrate Judge Barry L. Garber on January 4, 2010, is **AFFIRMED** in its entirety.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of April, 2011.

                                                  **JOAN A. LENARD**
                                    **UNITED STATES DISTRICT JUDGE**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of March, 2011.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**